UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INTERNATIONAL TRANSPORT WORKERS FEDERATION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-00454** |
| **MI-DAS LINE, SA and DOUN KISEN KK** | **SECTION: "B" (4)** |

<u>ORDER</u>

Before the Court is a **Motion to Fix Expenses and Attorney's Fees** (**R. Doc. 28**) filed by

Plaintiff, International Transport Workers Federation, ("ITWF") in compliance with the Court's Order

(R. Doc. 8), which granted Peterson's Motion for Sanctions pursuant to Federal Rule of Civil

Procedure 37 (R. Doc. 23). The instant motion is unopposed. The motion was heard without oral

argument on May 1, 2013.

I.    <u>Factual Summary</u>

This case involves an international wage dispute brought by ITF, an international affiliation

of trade unions, regarding wages paid to Burmese crew members of a particular vessel, the "M/V

BRIGHT LAKER," which was owned and operated by Defendants. (R. Doc. 1-2, p. 1). ITF alleges

that it entered into a contractual agreement with Defendants, who are Japanese shipping corporations,

for payment of "union rates" to its Burmese-based crew. *Id.* ("IBF Special Agrreement"). The IBF

Special Agreement was signed by agents of ITF's Japanese office. *Id.* ITF argues that Defendants

required the crew of the M/V BRIGHT LAKER to sign false accounting records indicating that they

1

were being paid union-level wages, when in fact their real wages were far lower. *Id.*

ITF brought suit in Louisiana State Court on October 8, 2012, under the admiralty and maritime jurisdiction of the United States, particularly its "savings and suitors" clause, 28 U.S.C. § 1333. *Id.* at 2. ITF alleged that Defendants (1) breached their contract with ITF by failing to pay contractual rates to individual crew members as specified; (2) committed fraud by intentionally misrepresenting and suppressing the truth; and (3) committed unfair trade practices in violation of 51 U.S.C. § 1401 *et seq.*, which entitles ITF to an award of attorney's fees. *Id.* at 2-3.

ITF also alleged that the M/V/ BRIGHT LAKER was, at the time ITF filed the Complaint, operating in the navigable waters of Orleans Parish, even though the vessel was allegedly not authorized to do business in Louisiana. *Id.* at 1, 3. Therefore, ITF requested a writ of attachment pursuant to La. Civ. Code Ann. art. § 3541, which was granted by the presiding Louisiana State Court Judge on October 8, 2012. *Id.* at 6.

Prior to removing this matter to federal court, the presiding state court judge issued an order compelling the defendants to respond to discovery with 30 days of the signing of the order. Subsequent to the removal of the matter a motion for sanctions was filed in this court for the defendants failing to comply with the previously issued discovery order. The undersigned found the defendants blatantly failed to respond to the discovery as order and instead used procedural tactics to do so. As a result, the Court not only ordered the defendant to comply with the previously issued state court orders issued on October 8, 2012 and January 25, 2013 requiring their compliance but also awarded attorneys fees for their previous failures to do so.

Presently before the court is the motion to fix attorneys filed by ITWF in which it seeks the recovery of attorneys fees in the amount of $6,362.50.

The defendants oppose the motion contending that it is excessive and unreasonable. They

2

specifically contend that the hourly rates were excessive given the simplicity of the discovery matter, that Colomb should not have billed for his travel time to New Orleans for the hearing and time for meetings with counsel should not be allowed.   Having set forth the position of the parties, the court will proceed with analyzing the subject matter.

## II.  Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.*  The lodestar is presumed to yield a reasonable fee.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]  The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.  *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

## III.  Analysis

### A.  Attorney's Fees

#### 1.  Calculating a Reasonable Hourly Rate

---

[1]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

The fee application submitted by ITWF seeks to recover fees of 13.00 hours of attorney work at a rate of $350.00 per hour for his attorney, Richard J. Dodson, ("Dodson"). (R. Doc. 28-1, p.2).  In support of his motion, ITWF attaches Dodson's Affidavit which details his background education and experience.  *Id.*  at 28-2, p. 1-2. Dodson states that he graduated from Louisiana State University in 1966.  *Id.*  It also states that in the last 30 years, he has limited his practice to international maritime law.  *Id.*  He has taught Admiralty and Offshore Personal Injury Law from 1987 through 2007 at Southern University Law Center.  *Id.* He states that he is also a member of the adjunct law faculty of Tulane Law School where he teaches International Maritime Law- Jurisdiction and Conflicts annually, in Rhodes, Greece.  *Id.*  Additionally, he states that he has represented seafarers and been admitted to practice pro hace vice before several federal courts in the country.  Dodson states that he seeks and is most frequently employed on a contingent basis, however, for cases involving the United States, his hourly rate is $350.00.

Also attached in support of his motion, ITWF attaches as an Affidavit from Michael A. Colomb ("Colomb Affidavit") who seeks fees for 7.25 hours at an hourly rate of $250.00.  (R. Doc. 28-3, p. 1-2).  The  Colomb Affidavit states that he is a 1982 graduate of Louisiana State University and thereafter clerked for Judge Frank J. Polozola, of the United States District Court, for the Middle District of Louisiana.  *Id.*  Colomb states that his practice is in the area of foreign seafarers in wage cases, both in federal and bankruptcy courts, where he has arrested hundreds of vessels for maritime personal injury claims.  *Id.*  He states that he is a member in good standing of the Louisiana State Bar Association and that his hourly rate in this case is $250.00 per hour.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990).  The

4

applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates.  *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.  *Blum*, 465 U.S. at 896 n.11.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances.  The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).  However, conclusory testimony that a given fee is reasonable is not satisfactory evidence of a market rate.  *See Hensley*, 461 U.S. at 439, n. 15.

After reviewing the prevailing market rates for legal services in the greater New Orleans area, the Court concludes that a rate of $250 is reasonable for Colomb's work on the motion, as he has been practicing law for 31 years.  Additionally, the court finds that a rate of $350 is a reasonable rate for Dodson, who has been practicing law for 47 years.  *See, e.g.*, *Coves of the Highland Community Development District*, No. 09-7251, 2012 WL 174477, at *2-*3 (E.D. La. Jan. 20, 2012) (Roby, M.J.) (citing cases, and finding that notwithstanding deficiency of affidavit which averred "familiarity" with hourly rates in the New Orleans area, rate of $300 per hour was reasonable for attorney with 39 years of experience); *Braud v. Transport Service Co. of Illinois*, Nos. 05-1898, 05-1977, 05-5557, 06-0891,

5

2010 WL 3283398, at *15 (E.D. La. Aug. 17, 2010) (Knowles, M.J.) (finding that an award of $200 per hour for attorney with 30 years of experience was "within the low end of the range of the market rate.").

### 2.    Determining the Reasonable Hours Expended

#### a.    Reasonable amount of time spent on the motion

ITWF certifies that its attorneys spent a total of 20.25 hours.  However in reviewing the time submitted, the Court finds that both Dodson and Colomb's time was block-billed, which makes it challenging to discern the exact amount of time that was used for each discrete task.

The term "block-billing" refers to the disfavored "time-keeping method by which each lawyer and legal assistant enters the groups of time time spent working on a case, rather than itemizing the time expended on specific tasks."  This billing method makes it impossible for the court to figure out how much time was actually allocated for discrete time spent on the file.  *Canon USA., Inc. v. S.A.M., Inc.* 2009 WL 35334, ( E.D. La.  2009).  While block billing creates impediments to the analysis of the attorneys' fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorneys' fees. *Trulock v. Hotel Victorville*, 92 Fed. Appx. 433, 434 (9th Cir.2004).

A review of case law reflects that the method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. See, e.g., *Delgado v. Village of Rosemont*, No. 03 C 7050, 2006 WL 3147695, at *7 (N.D.Ill. Oct.31, 2006) (reduction of total fees by 35% for vagueness, block billing and lack of detail); *Phoenix Four, Inc., v. Strategic Resources Corporation*, No. 05 Civ. 4837(HB), 2006 WL 2135798, at *2 (S.D.N.Y. Aug.1, 2006) (fee award reduced by 25% for block billing); *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt,* No. 04 Civ. 3600(SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov.17, 2005); (reduction of award by 25% for block billing, excessive hours, and vagueness in time entries); ) *See*

*also Creecy v. Metropolitan Prop. & Cas. Ins. Co.,* 548 F.Supp.2d 279 (E.D. La.2008) (Roby, J). The Court will therefore discount each block-billed entry by 25%.

Reviewing the bills of both Dodson and Colomb, the Court finds that there are block-billed entries.  As a result, the court will reduce the submitted bills by 25%.  In reviewing Dodson's bill contains 11.5 hours are for services rendered on the file and 2.50[2] related to travel to and from Court for a hearing held in court.  However, the actual time noted for appearing in court on the motion is 1.5 hours when the actual time is .30 minutes.[3] As a result, the reasonable billable hours is 11.2  Therefore the total reasonable fee for Dodson's service is $2,940.00.[4]

Regarding Colomb's billing entries the Court notes that a total of 3.25 hours is reasonable.  In reaching this conclusion, the Court notes that both attorneys traveled for the hearing, but only one attorney argued the motion.  The Court will therefore disallow the travel and appearance time for Colomb.[5]  However, the reasonable amount fee for Colomb's work is $609.38[6].

### b.      Travel Time

As to compensation for Dodsons travel time, the Court notes that attorney travel time is typically compensated at 50% of the reasonable hourly rate.  *See, e.g.*, *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993); *Tasch, Inc. V. Unified Staffing & Associates, Inc.*, No. 02-3531, 2003 WL 23109790, at *6 (E.D. La. Dec. 30, 2003) (Roby, M.J.) (Citing *Watkins*).  In this instance, a reduced for of $175 per hour would apply to Dodson travel time.  The Court notes that Dodson's office is

---

[2]The Reasonable travel time will be determined separately.

[3]R. Doc. 17 ( Note the actual time of the argument was .17.  However there were other matters set on the hearing day so a reasonable amount of time is .30 minutes.)

[4]Dodsons reasonable hourly rate is 11.2 X 350.00 per hour = $ 3,920.00 x 25% = $2,940.00

[5]Colomb sought 1.25 hours travel to New Orleans to appear at hearing; 1.5 hour for appearing in court and 1.25 for returning travel from New Orleans to Baton Rouge.

[6]Colomb reasonable hours are 3.25 x $250.00 per hour = $812.50 x 25%=$609.38 sought 3.25 hours

located in Baton Rouge, Louisiana, approximately 80 miles from New Orleans. The Court finds that two hours and fifty minutes of travel time to and from his office to attend the hearing is appropriate. As such, an award of $437.50 representing the travel time is granted.

**IV.** <u>**Conclusion**</u>

Accordingly,

**IT IS ORDERED** that Plaintiff, International Transport Workers Federation ("ITWF") **Motion to Fix Attorney's Fees and Costs (R. Doc. 28)** is **GRANTED**. The Court finds that a total amount of $3,986.88 in fees and costs is reasonable in the matter .

**IT IS FURTHER ORDERED** that Defendant, **MI-DAS LINE, SA and DOUN KISEN KK**, ("Defendant") shall satisfy their obligation to **INTERNATIONAL TRANSPORT WORKERS FEDERATION** no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 19th day of September 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

8